UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-03467-RGK (SSx) | Date | June 23, 2015 |
|---|---|---|---|
| Title | ***FRIEDMAN v. NATIONSTAR MORTGAGE, LLC, et al.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams (Not Present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) Order re: Plaintiff's Motion to Remand (DE 7)

## I.   INTRODUCTION

On March 25, 2015, Nathaniel J. Friedman ("Plaintiff") filed a Complaint in Los Angeles Superior Court against Nationstar Mortgage, LLC ("Nationstar") and Veriprise Processing Solutions, LLC ("VPS"). Plaintiff alleged causes of action against both Defendants for: (1) Preliminary Injunction; (2) Negligence; (3) Breach of the Implied Covenant of Good Faith and Fair Dealing; (4) Intentional Infliction of Emotional Distress; and (5) Declaratory Relief.

On May 8, 2015, Defendants removed the action to this Court on the basis of diversity jurisdiction. On May 14, 2015, Plaintiff filed the current Motion to Remand. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II.   FACTUAL BACKGROUND

Plaintiff alleges the following facts:

Plaintiff is the fee simple owner of real property commonly known as 1423 Schuyler Road, Beverly Hills, California 90210 (hereinafter, the "Property"). On or about April 26, 2006, Plaintiff borrowed $2,100,000 from Countrywide Home Loans, Inc. ("Countrywide") and executed a promissory note evidencing the loan. Repayment of the loan was secured by a Deed of Trust ("Deed of Trust") which named Countrywide as the lender and ReconTrust Company, N.A. as the trustee. Countrywide was later replaced by Nationstar and ReconTrust Company, N.A. by VPS. On or about July 1, 2013, Plaintiff entered into a loan modification agreement. The modification agreement provided that the new

principal loan balance was $2,558,066.10.

A dispute later arose between Plaintiff and Nationstar. Nationstar "demanded" that Plaintiff's monthly payments include amounts for the estimated real property taxes and insurance applicable to the Property to be placed in an "impound account." Plaintiff refused on the ground that he had already paid these amounts "to the tax collector and insurance company (California Fair Plan) directly" up through December 2015. (Compl. ¶ 19.) Plaintiff continued to tender monthly payments to Nationstar that did not include the amounts for taxes and insurance. However, Defendants refused to accept these payments and imposed charges for late payments. On January 30, 2015, Defendants recorded a Notice of Default and Election to Sell Under Deed of Trust, claiming Plaintiff owed $81,232.58 on the loan. No Notice of Trustee's Sale has been recorded.

### III.    JUDICIAL STANDARD

A defendant may remove a case from state court when the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction places the burden on the defendant to show by a preponderance of the evidence that removal is proper. *Id.* at 566-67.

"If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also ARCO Envtl. Remediation v. Dep't of Health & Envtl. Quality,* 213 F.3d 1108, 1113 (9th Cir. 2000) ("If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case."). The court "resolves all ambiguity in favor of remand." *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2000).

A district court has original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Removal based on diversity requires that the citizenship of each plaintiff is diverse from the citizenship of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity must exist both at the time the complaint is filed and the time removal is effected. *Strotek Corp v. Air Transp. Ass'n of Am.,* 300 F.3d 1129, 1131 (9th Cir. 2002).

### IV.    DISCUSSION

Defendants contend that the Court has subject matter jurisdiction over this case for two reasons. First, complete diversity exists since Plaintiff is domiciled in California and Defendants are citizens of Delaware and Texas. Second, the amount in controversy exceeds $75,000. The Court disagrees as to the amount in controversy, and thus finds that remand is warranted. The Court need not reach Defendants' first argument.

####    A.    Amount in Controversy

In cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996); 28 U.S.C. § 1332(a). Under this burden, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount. *Sanchez*, 102 F.3d at 404.

When a plaintiff seeks injunctive or declaratory relief, the value of the object of litigation

determines the amount in controversy. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Defendants' sole argument is that the value of the object of the litigation is either the value of the loan or the value of the property, either of which would exceed $75,000. However, courts have found that "when a plaintiff does not seek to rescind the loan at issue, but instead seeks damages in an unspecified amount under claims such as breach of fiduciary duty, negligence, . . . and intentional infliction of emotional distress, the amount of controversy is not properly gauged by the loan amount." *Vonderscher v. Green Tree Servicing, LLC*, No. 2:13-CV-00490-MCE, 2013 WL 1858431, at *4 (E.D. Cal. May 2, 2013) (original quotations omitted). Courts have similarly rejected using the appraised value of the property as a measure of the amount in controversy. *Landa v. Flagstar Bank, FSB,* No.10-CV-1429–L(BGS), 2010 WL 2772629, at *2 (S.D. Cal. July 13, 2010). This is true even where the plaintiff seeks an injunction to prevent potential foreclosure proceedings. *See Vonderscher*, 2013 WL 1858431, at *4 ("[T]he fact that Plaintiffs' complaint includes mention of foreclosure, and indeed seeks to enjoin a potential foreclosure, is not dispositive of whether the loan amount establishes the amount in controversy for purposes of diversity jurisdiction."); *Landa*, 2010 WL 2772629, at *2 (holding that "the amount in controversy is not properly gauged by the loan amount of the property value" where plaintiff sought "damages in an unspecified amount but greater than $25,000, . . . declaratory relief pertaining to the loan and foreclosure, [and an] injunction against foreclosure," among other relief).

Here, the Complaint does not seek to rescind the loan, but instead seeks damages in an unspecified amount under claims for negligence, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress. Thus, neither the value of the loan nor the property provide the value of the "object of litigation." The Complaint states that the amount in controversy is in excess of $25,000, but provides no other damages figure. Further, Defendants provide no other evidence to show that the amount in controversy exceeds $75,000. Therefore, the Court finds that Defendants have failed to prove by a preponderance of the evidence that the amount in controversy requirement is satisfied and, as a result, have failed to establish that the Court has subject matter jurisdiction.

## B. Plaintiff's Request for Attorney's Fees

The decision on whether to award costs and attorney's fees on a remand motion is discretionary. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). "Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.* "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.,* 518 F.3d 1062, 1065 (9th Cir. 2008). "[T]he objective reasonableness of the removal depends on the clarity of the applicable law and whether such law 'clearly foreclosed' the defendant's arguments for removal." *Wells Fargo Bank N.A. v. Dimas*, No. C-11-05691-JCS, 2012 WL 1424803, at *5 (N.D. Cal. Apr. 24, 2012) (quoting *Lussier*, 518 F.3d at 1065).

Here, the law governing the value of the object of litigation did not "clearly foreclose" Defendants' argument that the amount in controversy requirement was satisfied. Thus, removal was not objectively unreasonable and the Court finds Plaintiff is not entitled to attorney's fees and costs associated with this action.

## V.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand, with the exception of Plaintiff's request for attorney's fees and costs.

**IT IS SO ORDERED.**

                                                                                                          :

                                                              **Initials of Preparer**